**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REGINALD EUGENE HAYDEN,** | **:** | |
| **Petitioner** | **:** | **CIVIL ACTION NO. 1:05-1015** |
| **v.** | **:** | **(CONNER, D.J.)**<br>**(MANNION, M.J.)** |
| **WARDEN HOGSTEN,** | **:** | |
| **Respondent** | **:** | |

## REPORT AND RECOMMENDATION

On May 19, 2005, the petitioner, an inmate at the Low Security Correctional Institution-Allenwood, White Deer, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his conviction and sentence in the United States District Court for the Western District of Virginia, ("Western District of Virginia") based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004). (Doc. No. 1). In addition, the petitioner filed a Memorandum of Law in support of his petition. (Doc. No. 2). The filing fee having been paid, the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[1]

---

[1]Ordinarily, prior to giving the petition preliminary consideration, an administrative order would be issued pursuant United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising the petitioner that he could have his petition (continued...)

## I. BACKGROUND

By way of background, the petitioner states:

> At the June 1994 session of the federal grand jury, petitioner was charged in one count of a nine-count indictment charging him with conspiracy to possess with intent to distribute quantities exceeding one ounce (28 grams) of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1).
>
> On or about August 23, 1994, a jury convicted petitioner of conspiracy to possess with intent to distribute an indeterminate amount of cocaine base, pursuant to the judge' s instructions to the jury, and law of the circuit, that drug quantity was not an element of § 841(a) offenses for the jury to determine during the guilty phase of the proceeding, and was to be determined by the judge a (sic) the sentencing by preponderance of the evidence. (See Jury Instructions, Exhibit "A").
>
> At a sentencing hearing on November 10, 1994, the district court sentenced petitioner to 360 months imprisonment, based upon a finding by preponderance of the evidence that petitioner was responsible for 140.48 grams of cocaine base. Petitioner was also declared a career offender by the district court.
>
> Petitioner appealed. On May 31, 1996, the United

---

[1](...continued)
ruled on as filed (i.e., as a § 2241 petition); have his petition re-characterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals; or withdraw his petition and file one all-inclusive § 2255 motion within the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996). However, because the petitioner in this case has shown that he is aware of, and has in fact exercised, his rights pursuant to § 2255, the notice specified by Miller was not issued in this case.

States Court of Appeals for the Fourth Circuit affirmed conviction and sentence.

On or about May 27, 1997, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner alleged that: 1) Drug amounts were not reasonably foreseeable; 2) Substance in question was not cocaine base; 3) Counsel was ineffective for failing to submit jury instructions with respect to confidential informants' background; 4) Counsel failed to challenge mere association with co-defendants; 5) District court improperly considered prior convictions for career offender enhancement.

On or about September 28, 1998, the United States District Court for the Western District of Virginia, denied relief on the merits. Petitioner appealed.

On or about December 1998, U.S. Court of Appeals for the Fourth Circuit, affirmed.

On or about August 22, 2000, petitioner filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure alleging that the district court erred by failing to charge the jury to find beyond a reasonable doubt the drug amounts involved in the conspiracy.

On or about September 6, 2000, the U.S. District Court for the Western District of Virginia dismissed the motion without prejudice as successive.

No appeal was filed.

On or about August 23, 2003, petitioner filed a motion under 28 U.S.C. § 2244 for an ORDER authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255, arguing counsel's failure to object to the district court's sentencing determination which unlawfully increased petitioner's statutory maximum exposure and sentence, thereby subjecting petitioner to a more severe penalty under the career ofender (sic)

>   guidelines, other than what he should have received according to the facts reflected in the jury verdict.
>
>   On September 11, 2003, the U.S. Court of Appeals for the Fourth Circuit denied said application because petitioner did not satisfy § 2255's stringent requirements for successive motions.

(Doc. No. 2, pp. 1-3)(Emphasis in original).

On October 7, 2003, the petitioner filed a habeas corpus petition pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania, ("Middle District of Pennsylvania"), in which he also challenged his conviction and sentence in the Western District of Virginia. That petition was based upon the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2001). (See Civil Action No. 1:03-1768, Doc. No. 1).

On November 24, 2003, the undersigned issued a report in which it was recommended that the petition be dismissed. To this extent, the court found that § 2241 was not the proper avenue for the petitioner to proceed, as § 2255 had not been rendered inadequate or ineffective to test the legality of his conviction and sentence and, therefore, the court lacked jurisdiction to consider his claims. In addition, the court found that, even if it could consider the petitioner's claims, Apprendi had not been made retroactive to cases on collateral appeal. (See Civil Action No. 1:03-1768, Doc. No. 6).

On January 14, 2004, United States District Judge Christopher C. Conner adopted the recommendation of the undersigned and dismissed the petition. (See Civil Action No. 1:03-1768, Doc. No. 8).

On January 16, 2004, the petitioner filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit, ("Third Circuit").

In an order dated July 16, 2004, the Third Circuit indicated that, while the petitioner's appeal was pending, the United States Supreme Court rendered its ruling in Blakely v. Washington, 124 S.Ct. 2531 (2004), which applied the rule of Apprendi. In light of Blakely, the Third Circuit treated the petitioner's appeal as an application pursuant to 28 U.S.C. § 2244 and § 2255 to file a second or successive motion under 28 U.S.C. § 2255 and the action was transferred to the United States Court of Appeals for the Fourth Circuit, ("Fourth Circuit"). The petitioner's motion for summary affirmance was denied. (Doc. No. 2, Ex. B).

On April 19, 2005, the Fourth Circuit issued an order denying petitioner's motion to file a successive petition. (Doc. No. 2, Ex. C).

## II. DISCUSSION

On May 19, 2005, the petitioner filed the instant petition in which he again attempts to challenge his conviction and sentence in the Western District of Virginia. This time, the petitioner bases his challenge on the Supreme Court's decision in Blakely, supra.

As previously discussed by the court in relation to the petitioner's prior petition, originally enacted in 1948 as the equivalent of the habeas writ, 28 U.S.C. § 2255 requires that a federal prisoner's request for collateral review

of a conviction or sentence must be brought by motion in the district of the criminal court[2]. The only exception allows a federal prisoner to bring a habeas petition if a § 2255 motion proves "inadequate or ineffective" to test the legality of the petitioner's detention.  28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Application of Galante, 437 F.3d 1164, 1165 (3d Cir. 1971).

In 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendments to § 2255.[3]  The amendments retained the original provisions of § 2255 and, among other things, added restrictions on an inmate's ability to bring a second or successive motion. The amendments required that a second or successive motion must be certified by the appropriate court of appeals. Id.  This "gatekeeping provision" restricts an inmate's ability to bring a second or successive motion by requiring the new motion to contain either newly discovered evidence that, if proven, would be sufficient to establish that the

---

[2]Section 2255 of Title 28 of the United States Code was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and the "few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisons within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

[3]Antiterrorism and Effective Death Penalty Act, Pub.L.No. 104-132, 110 Stat. 1214, ("AEDPA").

movant was not guilty or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

While inmates may attempt to circumvent the gatekeeping provisions of § 2255 by bringing a claim for collateral review of a conviction or sentence under § 2241, as previously discussed, § 2241 is available to attack the validity of a conviction or sentence only where a § 2255 motion is inadequate or ineffective.

Courts have found that a § 2255 motion is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness.

Galante, 437 F.2d at 1165.

The circumstances which make a § 2255 motion inadequate or ineffective were also addressed by the courts in Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and In re Dorsainvil, supra. Both the Triestman and Dorsainvil courts held that a § 2255 motion was only inadequate and ineffective where the denial of habeas relief would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue presented in those cases was that a change in substantive law rendered the conduct for which the petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, a high standard has been set for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a federal conviction or sentence.

With respect to the instant action, the petitioner argues that his sentence is unconstitutional under Blakely. The Third Circuit has already held that § 2255 is not "inadequate or ineffective" for prisoners seeking to raise an Apprendi claim in a § 2241 proceeding. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Like Apprendi, Blakely (and, subsequently, United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005)), did not change the substantive law as to the elements of the offense for which the petitioner was convicted. Therefore, § 2255 is not inadequate or ineffective to challenge the legality of the petitioner's confinement and this court lacks jurisdiction over

the petitioner's claims. See In re Dorsainvil, 119 F.3d at 249. Although the petitioner may face substantive and procedural hurdles in presenting his claim because he has already sought and been denied relief by way of a § 2255 motion and has sought and been denied relief pursuant to § 2244 in the Fourth Circuit, that alone does not render a § 2255 motion an "inadequate or ineffective" remedy. See Okereke, 307 F.3d at 120-21.

## III. CONCLUSION

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the petition for a writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

**s/ Malachy E. Mannion**
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: JUNE 27, 2005**

O:\shared\REPORTS\2005 Reports\05-1015.lp.wpd